No. 2024-1061

# United States Court of Appeals for the Federal Circuit

———————

**ALLERGAN USA, INC., ALLERGAN HOLDINGS UNLIMITED CO., ALLERGAN PHARMACEUTICALS INTERNATIONAL LTD., JANSSEN PHARMACEUTICA NV, EDEN BIODESIGN, LLC,**

*Plaintiffs-Appellants*

v.

**MSN LABORATORIES PRIVATE LTD., MSN PHARMACEUTICALS, INC., SUN PHARMACEUTICAL INDUSTRIES LIMITED,**

*Defendants-Appellees*

———————

Appeal from the United States District Court for the District of Delaware, Nos. 1:19-cv-01727-RGA, 1:20-cv-01479-RGA, 1:21-cv-01064-RGA, 1:21-cv-01065-RGA, Judge Richard G. Andrews

———————

**MOTION FOR 14-DAY EXTENSION OF TIME TO PETITION FOR REHEARING OR REHEARING EN BANC**

———————

Pursuant to Federal Rule of Appellate Procedure 26(b) and Federal Circuit Rule 26(b), Defendant-Appellee Sun Pharmaceutical Industries Limited ("Sun") respectfully moves the Court to extend the deadline to file a petition for rehearing or rehearing en banc by 14 days, from September 12, 2024, to and including September 26, 2024.  Good cause exists for granting this motion:

1.      The panel issued its opinion and judgment on August 13, 2024, reversing the district court. ECF Nos. 37, 38. Under Federal Circuit Rules 35(j) and 40(d), the current deadline for Sun to petition for rehearing or rehearing en banc is 30 days from entry of judgment—i.e., by September 12, 2024.

2.      Sun requests a 14-day extension of time to accommodate its counsel's scheduling conflicts and commitments, which would limit counsel's ability to devote the necessary time to prepare the petition without the requested extension. As discussed below, Sun's counsel are occupied with significant work on other matters with intervening briefing and expert discovery deadlines, and the requested extension is necessary to accommodate work on such matters and provide adequate time to prepare Sun's petition. Further, the Labor Day holiday falls on September 2, 2024, within the current time period for preparing the petition.

3.      Since the Court's entry of judgment on August 13, 2024, Sun's counsel Charles B. Klein and Jovial Wong have had, and continue to have, scheduling conflicts in other matters, including (1) claim construction briefing filed August 16, 2024, in *Arbutus Pharma Corp. v. Pfizer Inc.*, No. 3:23-cv-01876-ZNQ-TJB (D.N.J.); (2) a petition for rehearing en banc filed August 22, 2024, in *Amarin Pharma, Inc. v. Hikma Pharmaceuticals USA Inc.*, No. 2023-1169 (Fed. Cir.); and (3) three expert reports due September 10, 2024, in *Alnylam Pharmaceuticals, Inc. v. Pfizer Inc. et al.*, No. 22-336-CFC (D. Del.).

4. Similarly, in addition to conflicts (1) and (2) listed above, Sun's counsel Eimeric Reig-Plessis has additional scheduling conflicts, including (4) a reply in support of a motion to dismiss due August 29, 2024, in *Sterling Computers Corp. v. Microsoft Corp.*, No. 1:24-cv-00406-RP (W.D. Tex.); (5) an expert report due September 9, 2024, in *FullView, Inc. v. Polycom, Inc.*, No. 3:18-cv-00510-EMC (N.D. Cal.); (6) invalidity contentions due September 12, 2024, in *Dialect, LLC v. Bank of America, N.A.*, No. 2:24-cv-00207-JRG (E.D. Tex.); and (7) an expert report due September 16, 2024, in *Cambria Company LLC v. Hirsch Glass Corp.*, No. 3:21-cv-10092-MAS-JBD (D.N.J.).

5. This is the first extension of time that Sun has requested in this appeal. Sun did not seek any extension for its response brief. *See* ECF No. 19.

6. Counsel for Sun conferred with counsel for Plaintiffs-Appellants ("Allergan") before filing this motion. Counsel for Allergan indicated that it opposes Sun's requested extension and will file a response for the reasons Allergan previously moved to expedite oral argument—namely, Allergan would need to file a terminal disclaimer with respect to U.S. Patent No. 7,741,356 (the "'356 patent") by March 14, 2025, to preserve its validity in the event the '356 patent were subject to obviousness-type double patenting in view of reference patents that will expire on that date, as the district court found. ECF No. 4 at 3–4.

7. Sun respectfully submits that Allergan's purported basis for opposing Sun's requested extension lacks merit. Any alleged concern about filing a terminal disclaimer for the '356 patent does not apply to whether other patents in this appeal are invalid for lack of written description—the issue on which the panel split 2-1. *See* ECF No. 37 at 31–35 (Dyk, J., dissenting). As to the '356 patent, the panel reversed the district court's judgment of obviousness-type double patenting. *Id.* at 20. Thus, there is currently no deadline for Allergan to file a terminal disclaimer for the '356 patent. Regardless, March 14, 2025, is more than six months away. Ample time remains to consider Sun's forthcoming petition and any response. The proposed 14-day extension is modest and highly unlikely to affect the timing of a decision or otherwise cause undue prejudice to Allergan.

8. Moreover, Sun's requested 14-day extension is a compromise proposal that accommodates Allergan's alleged concern. Sun initially asked Allergan if it would agree to a 45-day extension. Allergan refused. In response, Sun has significantly reduced its requested extension to a mere two weeks.

9. Under Federal Circuit Rule 26(b)(3) and 28 U.S.C. § 1746, this motion is accompanied by a declaration of undersigned counsel.

Accordingly, Sun respectfully requests that the Court enter an order extending the deadline to file a petition for rehearing or rehearing en banc by 14 days, from September 12, 2024, to and including September 26, 2024.

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td></td><td>/s/ Charles B. Klein</td></tr>
<tr><td>EIMERIC REIG-PLESSIS<br>Winston & Strawn LLP<br>101 California Street<br>San Francisco, CA 94111<br>(415) 591-6800<br>ereigplessis@winston.com</td><td>CHARLES B. KLEIN<br>JOVIAL WONG<br>Winston & Strawn LLP<br>1901 L Street NW<br>Washington, DC 20036<br>(202) 282-5000<br>cklein@winston.com<br>jwong@winston.com</td></tr>
</table>

*Counsel for Defendant-Appellee*
*Sun Pharmaceutical Industries Limited*

August 29, 2024

**DECLARATION OF CHARLES B. KLEIN IN SUPPORT OF
SUN'S MOTION FOR 14-DAY EXTENSION OF TIME
TO PETITION FOR REHEARING OR REHEARING EN BANC**

I, Charles B. Klein, declare as follows:

1. I am the principal attorney of record for Defendant-Appellee Sun Pharmaceutical Industries Limited ("Sun") in this appeal and admitted to practice in this Court. I am competent to testify about the facts below and do so from personal knowledge.

2. The panel issued its opinion and judgment on August 13, 2024, reversing the district court. ECF Nos. 37, 38. Under Federal Circuit Rules 35(j) and 40(d), the current deadline for Sun to petition for rehearing or rehearing en banc is 30 days from entry of judgment—i.e., by September 12, 2024.

3. Sun requests a 14-day extension of time to accommodate its counsel's scheduling conflicts and commitments, which would limit counsel's ability to devote the necessary time to prepare the petition without the requested extension. As discussed below, Sun's counsel are occupied with significant work on other matters with intervening briefing and expert discovery deadlines, and the requested extension is necessary to accommodate work on such matters and provide adequate time to prepare Sun's petition. Further, the Labor Day holiday falls on September 2, 2024, within the current time period for preparing the petition.

4. Since the Court's entry of judgment on August 13, 2024, both I and my co-counsel Jovial Wong have had, and continue to have, scheduling conflicts in other matters, including (1) claim construction briefing filed August 16, 2024, in *Arbutus Pharma Corp. v. Pfizer Inc.*, No. 3:23-cv-01876-ZNQ-TJB (D.N.J.); (2) a petition for rehearing en banc filed August 22, 2024, in *Amarin Pharma, Inc. v. Hikma Pharmaceuticals USA Inc.*, No. 2023-1169 (Fed. Cir.); and (3) three expert reports due September 10, 2024, in *Alnylam Pharmaceuticals, Inc. v. Pfizer Inc. et al.*, No. 22-336-CFC (D. Del.).

5. Similarly, in addition to conflicts (1) and (2) listed above, my co-counsel Eimeric Reig-Plessis has additional scheduling conflicts, including (4) a reply in support of a motion to dismiss due August 29, 2024, in *Sterling Computers Corp. v. Microsoft Corp.*, No. 1:24-cv-00406-RP (W.D. Tex.); (5) an expert report due September 9, 2024, in *FullView, Inc. v. Polycom, Inc.*, No. 3:18-cv-00510-EMC (N.D. Cal.); (6) invalidity contentions due September 12, 2024, in *Dialect, LLC v. Bank of America, N.A.*, No. 2:24-cv-00207-JRG (E.D. Tex.); and (7) an expert report due September 16, 2024, in *Cambria Company LLC v. Hirsch Glass Corp.*, No. 3:21-cv-10092-MAS-JBD (D.N.J.).

6. This is the first extension of time that Sun has requested in this appeal. Sun did not seek any extension for its response brief. *See* ECF No. 19.

7.  Counsel for Sun conferred with counsel for Plaintiffs-Appellants ("Allergan") before filing this motion. Counsel for Allergan indicated that it opposes Sun's requested extension and will file a response. Sun's requested 14-day extension is a compromise proposal. Sun initially asked Allergan if it would agree to a 45-day extension. Allergan refused. In response, Sun has significantly reduced its requested extension to a mere two weeks.

8.  I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: August 29, 2024                    Respectfully submitted,

/s/ Charles B. Klein
CHARLES B. KLEIN
Winston & Strawn LLP
1901 L Street NW
Washington, DC 20036
(202) 282-5000

*Lead Counsel for Defendant-Appellee Sun Pharmaceutical Industries Limited*

# CERTIFICATE OF INTEREST

Counsel for Defendant-Appellee Sun Pharmaceutical Industries Limited certifies the following:

1. **Represented Entities.** Fed. Cir. R. 47.4(a)(1): "The full name of every entity represented in the case by the counsel filing the certificate."

    Sun Pharmaceutical Industries Limited

2. **Real Party in Interest.** Fed. Cir. R. 47.4(a)(2): "For each entity, the name of every real party in interest, if that entity is not the real party in interest."

    N/A

3. **Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3): "For each entity, that entity's parent corporation(s) and every publicly held corporation that owns ten percent (10%) or more of its stock."

    N/A

4. **Legal Representatives.** Fed. Cir. R. 47.4(a)(4): "The names of all law firms, partners, and associates that have not entered an appearance in the appeal, and (A) appeared for the entity in the lower tribunal; or (B) are expected to appear for the entity in this court."

    *Winston & Strawn LLP*: Kevin J. Boyle; Annie R. Steiner

    *Heyman Enerio Gattuso & Hirzel LLP*: Dominick T. Gattuso

5. **Related Cases.** Fed. Cir. R. 47.4(a)(5): "An indication as to whether there are any related or prior cases, other than the originating case number(s), that meet the criteria under Federal Circuit Rule 47.5."

    No.

6. **Organizational Victims and Bankruptcy Cases.** Fed. Cir. R. 47.4(a)(6): "All information required by Federal Rule of Appellate Procedure 26.1(b)

and (c) that identifies organizational victims in criminal cases and debtors and trustees in bankruptcy cases."

    N/A

| | |
|---|---|
| Dated: August 29, 2024 | Respectfully submitted,<br><br>/s/ Charles B. Klein<br>CHARLES B. KLEIN<br>Winston & Strawn LLP<br>1901 L Street NW<br>Washington, DC 20036<br>(202) 282-5000<br><br>*Lead Counsel for Defendant-Appellee Sun Pharmaceutical Industries Limited* |

## CERTIFICATE OF COMPLIANCE

The foregoing motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A). It contains 770 words.

Dated: August 29, 2024

Respectfully submitted,

/s/ Charles B. Klein
CHARLES B. KLEIN
Winston & Strawn LLP
1901 L Street NW
Washington, DC 20036
(202) 282-5000

*Lead Counsel for Defendant-Appellee Sun Pharmaceutical Industries Limited*